UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAFFWORKS, INC., a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>COASTAL PACIFIC FOOD DISTRIBUTORS, INC., a California corporation; WALTER STILPHEN, an individual; FRANK GONZALES, SR., an individual; AND DOES 1 - 20, Inclusive<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO.  2:05-CV-02504-MCE-GGH<br><br>**STIPULATED PROTECTIVE ORDER RE:  CONFIDENTIALITY** |

IT IS HEREBY STIPULATED by and between parties to the above-entitled action, through their undersigned counsel, that the Court may enter an Order pursuant to the following terms, and this Stipulated Protective Order Re: Confidentiality ("Protective Order") shall govern the handling of documents (including computer software programs and data storage), responses to discovery taken pursuant to the Federal Rules of Civil Procedure, depositions, pleadings, motions, briefs, exhibits, expert reports, and all other documents and  information exchanged by the parties, received from third parties, or filed with the Court in connection with this action ("Materials") and appeals related to this action.

    1. This Protective Order shall be applicable to and govern all Materials that any party designates in good faith as "CONFIDENTIAL."

    2. A party (the "Designating Party") shall make a designation of "CONFIDENTIAL" with regard to Materials that contain or refer to confidential commercial, personnel, or customer

information, including but not limited to confidential financial information, and trade secret information or other confidential or proprietary information.  Only information which is not generally available from sources other than the parties in this case may be designated as "CONFIDENTIAL."

    3. Materials designated as "CONFIDENTIAL" shall be used (other than by the Designating Party) solely in connection with this action and shall not be disclosed to anyone other than the following persons:

    a.    The in-house and outside attorneys representing any party to this action, and any paralegal, stenographic, and clerical employees working under the direct supervision of such attorneys;

    b.    Experts (including consultants and investigators) retained by any party or attorney to assist in this action, but only to the extent necessary to perform such work;

    c.    The parties to this action and any agent or employee of a party, including directors, officers, managing agents, and other employees assisting with this litigation, but only to the extent necessary for purposes of the litigation; <u>provided that</u> no such parties or persons identified with such parties shall be shown any copy of any Material designated "CONFIDENTIAL" by another party other than either (i) in the presence of counsel, which counsel shall certify that all such copies shown were not copied or retained, but rather were returned to counsel, by such parties or persons at the conclusion of the consultation, or (ii) during a remote telephone conference with counsel, for purposes of which counsel has sent copies by email or other delivery in order to discuss the documents during such telephone consultation, but immediately afterward, in accordance with

.

instructions from said counsel, said party or person identified therewith destroy or return the documents and certify that they had done so and had made no copies.

    d.    Third-party witnesses, but only during the course of, or in preparation for, testifying at trial or at a properly noticed deposition.  However, unless the person otherwise qualifies for access to such information or documents pursuant to this Order, before such person is shown or receives any information or document designated as "CONFIDENTIAL" he or she must execute or agree at the deposition and/or trial to be bound by an Acknowledgment in the form of Exhibit A attached hereto.  In no event shall the refusal of such a witness to be bound by this Order prevent the introduction of the witness' testimony, provided, however, that the attorney for the Designating Party shall have the opportunity to seek further protection from the Court, and that any such disclosure to a third-party witness shall not constitute a general waiver as to the confidentiality of the Materials so disclosed.  "CONFIDENTIAL" Materials may be disclosed to the third-party witness(es) solely during their testimony at trial or deposition and shall not be given to, or disclosed to, a third-party witness at any other time absent consent of all of the parties hereto.

    e.    Any other person who subsequently is designated, either by agreement of all parties after a request by one of them or by order of the Court upon motion by a party, after notice to all parties;

    f.    Court reporters, including both stenographers and video technicians;

    g.    The Court; and

    h.    Any mediator mutually selected by the parties to facilitate settlement.

4. The persons described in paragraphs 3(b)-(d) shall be allowed access to the "CONFIDENTIAL" Materials only after they have read this Order and signed a copy of the attached "ACKNOWLEDGMENT." The undersigned counsel shall maintain a list of persons to whom "CONFIDENTIAL" Materials are disclosed, and such list shall be available for inspection by the Court. The persons receiving "CONFIDENTIAL" Materials are enjoined from disclosing it to any other person, except as permitted by this Order.

5. Notwithstanding any provision of paragraphs 3 and 4, any individual who, in the normal course of business, prepared or received documents designated as "CONFIDENTIAL," such person may be given access to the "CONFIDENTIAL" information without execution of the attached "ACKNOWLEDGEMENT."

6. Each individual who receives any "CONFIDENTIAL" Materials agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

7. The recipient of any "CONFIDENTIAL" Materials shall maintain such information in a secure and safe area.

8. Except as specifically provided for in paragraph nine (9) below, the designation of a document as "CONFIDENTIAL" shall be accomplished by marking the document, or the specific portion of the document considered confidential, with the legend "CONFIDENTIAL" or by so designating the document, identified by its bates stamp number or other identifying number or designation, in a separate writing served on all parties hereto.

9. In the event a party seeking production of information (the "Requesting Party") disagrees in good faith with any designation of confidentiality made by a Designating Party, the Requesting Party shall notify the counsel of record for the Designating Party of its objection to

.

try to resolve the matter by agreement. If the parties are unable to resolve their disagreement after good faith negotiations, the Requesting Party may file with the Court and serve by mail, email or facsimile on the counsel for the Designated Party, a motion to compel under applicable local rules, which: (1) identifies by document control (or Bates stamp) number the documents bearing the confidentiality designation with which the Requesting Party disagrees; and (2) states in detail why the Materials specified are believed not to have been properly designated as "CONFIDENTIAL." If no brief is filed in opposition to the Requesting Party's objection within the time frame described herein, the confidentiality designation shall be deemed automatically lifted and the Designating Party shall promptly furnish to all parties copies of the documents with the confidentiality designation removed from them. If a brief is filed by the Designating Party,, the Requesting Party shall abide by the designation made by the Designating Party unless and until the Court rules otherwise. The Designating Party shall bear the burden of proving that the subject Material is confidential or proprietary information, or that the risk of harm that disclosure would entail (under any safeguards proposed by Requesting Party) outweighs the Requesting Party's need to have the "CONFIDENTIAL" designation removed from the Material.

    10.    In the case of a deposition:

    a.    Counsel representing the witness may, at the commencement of any such deposition, temporarily designate the entire deposition transcript as "CONFIDENTIAL," provided that when such initial designation has been made, the Designating Party will, within 60 days after receipt of the transcript, review the transcript and withdraw said designation as to those pages of the transcript which the Designating Party does not in good faith believe constitute, reflect, or disclose confidential information. Alternatively, any attending counsel may

.

        designate only specific portions of a deposition transcript as "CONFIDENTIAL" in accordance with the provisions of sub-paragraph (b) of this Paragraph.

b. Counsel for any party or the deponent may designate that information disclosed during a deposition is to be treated as "CONFIDENTIAL" by indicating on the record of the deposition and requesting the preparation of a separate transcript of such material.

c. If information or documents designated "CONFIDENTIAL" are disclosed or discussed during a deposition, the Designating Party shall have the right to exclude from attendance any person who is not entitled to receive such information or documents pursuant to this Order. If the Requesting Party disagrees in good faith with the request to exclude, the Requesting Party may either (a) suspend the deposition and request an immediate telephone hearing with the Court to resolve the dispute, which may be heard without need for prior notice, briefing by the parties and on oral argument only; or (b) object to the request to exclude, but continue with the deposition as to non-confidential information and/or documents and reserve his or her right to complete the deposition at a later date after the propriety of the request to exclude can be determined by the Court. In the event that the Requesting Party chooses the latter option, the Requesting Party shall notify the Designating Party at or prior to the termination of the deposition of his or her intention to seek a judicial determination on the proprietary of the request, in which case the procedural requirements regarding prior notice, briefing and scheduling set forth in Paragraph six (6) shall apply.

11. Whenever any document designated as "CONFIDENTIAL" is filed with the Court, such Materials or any portion thereof shall be filed in a separate, sealed envelope marked "SEALED" and shall be filed in accordance with the procedures set forth in the Eastern District Court of California Local Rules, Rule 39-141. A reference to this Stipulated Protective Order Re: Confidentiality should also be made on the envelope.

12. In the event that any "CONFIDENTIAL" Materials are used in any pre-trial proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL" status through such use, and the parties shall take all steps reasonably required to protect their confidentiality during such use. Disclosure and use of "CONFIDENTIAL" Materials at trial and in subsequent proceedings shall be governed by the terms of an order to be entered by the Court.

13. Nothing in this Order shall preclude the parties or their attorneys from disclosing or using in the ordinary course of business any information or documents from the party's own files which the party itself has designated as "CONFIDENTIAL."

14. Within sixty (60) days after the final resolution of all related disputes between the parties, all "CONFIDENTIAL" Materials and all copies thereof, shall be (1) upon request, returned to the party that produced it, or (2) destroyed. Counsel and the parties shall certify in writing that they have complied with this section.

15. Except as specifically provided herein, the terms, conditions, and limitations of the Stipulation and Order shall survive the termination of this action.

16. This Protective Order is without prejudice to the right of any party or third party to seek relief from the Court, upon good cause shown, from any of the provisions hereof.

17. Nothing herein shall prevent disclosure beyond the terms of this Stipulation if the party designating the Materials as "CONFIDENTIAL" consents to such disclosure in writing, or

.

if the Court, after notice to all affected parties, orders such disclosure. Nothing herein shall prevent disclosure as required by law, or any judicial, governmental, or administrative body under any law, regulations, or order, provided, however, that the party (other than the Designating Party) being required to disclose "CONFIDENTIAL" Materials shall give five (5) business days prior written notice of such disclosure by facsimile and by overnight mail to the party which provided such Materials, addressed to the attorneys of record for such party, unless the judicial, governmental, or administrative body's law, regulation, or order requires disclosure sooner, in which case the disclosing party shall give such notice by telephone and copy as soon as practical, but in any event before any disclosure is made.

18. The inadvertent or unintentional production of Materials, or other disclosure of confidential, proprietary, or secret information without being designated as "CONFIDENTIAL" at the time of the production or disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation or production shall be corrected as soon as reasonably possible after the designating party becomes aware of the error.

19. In the event of disclosure of information or materials designated as "CONFIDENTIAL" to a person not authorized to receive such material under the terms of this Order, the party responsible for or having knowledge of the unauthorized disclosure shall immediately inform opposing counsel and, to the extent possible without violating attorney-client, attorney work-product or other privileges, disclose all known relevant information concerning the nature and circumstances of the disclosure. The responsible party shall also take

.

all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the information or materials is made by anyone, and each party will cooperate in that effort.

20. In the event that any person permitted by this Order to receive or review confidential information or documents ceases to be engaged in the preparation for trial, or trial of, this case, access by such person to documents and information designated "CONFIDENTIAL" shall be terminated. However, the provisions of this Order shall remain in full force and effect as to all persons who have obtained access to information and/or documents designated to be confidential hereunder, except as may be specifically ordered by the Court.

21. No information may be withheld from discovery on the ground that the Materials to be disclosed require protection greater than that afforded by this Protective Order Re: Confidentiality unless the party claiming the need for greater protection moves for and obtains from the Court an order providing such special protection.

22. Except as otherwise expressly provided, this Protective Order is not intended to deal with any discovery objections on the grounds of attorney-client privilege or work product immunity or to preclude any party from seeking relief from a provision of this Order or any other relief from the Court which may be appropriate under the Federal Rules of Civil Procedure.

23. Nothing in this Protective Order shall bar or otherwise prevent any attorney herein from rendering advice to his/her client with respect to this litigation and, in the course thereof, from relying upon his/her examination or knowledge of "CONFIDENTIAL" Materials, provided, however, that in rendering such advice and in otherwise communicating with his/her client, such attorney shall not disclose the contents or source of any "CONFIDENTIAL" information produced by another party herein to any person who is not authorized to receive such information under the provisions of this Protective Order.

.

24. This Stipulation may be signed in counterpart copies, each of which shall be treated as an original hereof.

The parties consent to the entry of an Order by the Honorable Morrison C. England, Jr. consistent with this Protective Order.

RIDER BENNETT, LLP

Dated: September ___, 2006

By _____
Daniel Q. Poretti (185152)
Admitted Pro Hac Vice
Jessica S. Pecoraro (312782)
33 South Sixth Street, Suite 4900
Minneapolis, MN  55402
(612) 340-8900

and

SCHUERING, ZIMMERMAN, SCULLY & DOYLE, LLP
Robert H. Zimmerman, Esq. (CA Bar # 84345)
400 University Avenue
Sacramento, CA  95825
Telephone:  (916) 567-0400

Attorneys for Defendants Coastal Pacific Food Distributors, Inc. and Walter Stilphen

HERUM-CRABTREE-BROWN

Dated: September, 2006

By _____
Steven D. Crabtree (SBN 103655)
Jennifer Scott (SBN 204234)
2291 West March Lane, Suite B100
Stockton, CA  95207
(209) 472-7700

Attorneys for Defendant and Counterclaimant Frank Gonzales, Sr.

.

PRESTON GATES & ELLIS, LLP

Dated: September __1__, 2006        By __*R. Ted Parker*__
                                    Robert T. Parker (SBN 43024)
                                    Rachel Davidson (SBN 215517)
                                    55 Second Street, Suite 1700
                                    San Francisco, CA 94105
                                    (415) 882-8200

                                    Attorneys for Plaintiff Staffworks, Inc.

Stipulated Protective Order Re: Confidentiality
Court File No.: 2:05-CV-02504-MCE-GGH

## **ORDER**

The foregoing Stipulation is hereby approved and IT IS ORDERED that the terms of the foregoing Stipulation are hereby adopted and shall govern this action unless otherwise ordered by this Court.

DATED: **September 19, 2006**

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT

I, _____, declare:

1. I reside at _____.

2. I am employed by _____ as _____. My business address is _____.

3. I have read and understand the provisions of the attached Stipulated Protective Order Re: Confidentiality entered by Judge Morrison England, Jr., United States District Court, Eastern District of California, dated _____, 2006, with respect to the non-disclosure of "CONFIDENTIAL" Materials, and I agree to abide by and be bound by its terms.

4. I hereby submit to the jurisdiction of the United States District Court, Eastern District of California, for the limited purpose of enforcing said Stipulated Protective Order and this Acknowledgment, by contempt proceedings or other appropriate judicial remedies.

5. I declare under penalty of perjury that the foregoing is true and correct and that this Acknowledgment was executed this ___ day of _____, 2006.

_____
(Signature)

K:\51063\0K:\51063\00003\RTP\RTP_P20CN==Final Signed Confidentiality Stip.doc   9/19/06  2:09 PM0003\RTP\RTP_P20C2==Final Final Confidentiality Stipulation-.doc 9/19/06 2:09 PM

.