UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| STAFFWORKS, INC., a California corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>COASTAL PACIFIC FOOD DISTRIBUTORS, INC., a California corporation; WALTER STILPHEN, an individual; FRANK GONZALES, SR., an individual; and DOES 1-20 inclusive,<br><br>            Defendants. | No. 2:05-cv-2504-MCE-GGH<br><br><br><br>ORDER |

Defendant and Counter-Claimant Frank Gonzales, Sr. ("Gonzales") has moved for an Order extending fact discovery in this matter by thirty (30) days, from January 25, 2007 to February 26, 2007. The Pretrial (Status) Scheduling Order was issued in this matter on March 16, 2006, and no other extension requests have been made.

///

1

Once a district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16, that Rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Prior to the final pretrial conference, which is set in this matter for September 24, 2007, the Court may modify its status order upon a showing of "good cause." See Fed. R. Civ. P. 16(b).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. In explaining this standard, the Ninth Circuit has stated that:

> [a] district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Id. (citations omitted).

Here, Gonzalez' Motion indicates that the potential need to extend fact discovery did not become apparent until December 22, 2006, when Plaintiff and Cross-Defendant Staffworks, Inc. ("Staffworks") filed its Motion for Leave to Exceed Ten Depositions prior to the January 25, 2007 discovery deadline. Counsel thereafter timely moved to continue the discovery deadline on January 8, 2007, and obtained an Order Shortening Time to have this matter heard on an expedited basis.

1    In her Motion, Counsel for Gonzales explains that because of
2 her trial schedule, and because the attorney assigned to handle
3 fact discovery in this matter required surgery that rendered her
4 unavailable for all purposes until January 29, 2007, scheduling
5 the additional depositions prior to January 25, 2007 would be
6 "virtually impossible". (Decl. of Jennifer A. Scott, ¶¶ 4-9)
7 Although counsel for Gonzales predicates her request on whether
8 Staffworks is indeed permitted to obtain extra depositions, on
9 January 18, 2007 Magistrate Judge Gregory G. Hollows did in fact
10 permit Staffworks to obtain an additional three (3) depositions
11 for a total of thirteen (13).

12    No opposition to Gonzales' request has been made. Given
13 that non-opposition, and good cause appearing therefor as
14 enumerated above, the Motion of Defendant and Counter-Claimant
15 Frank Gonzales, Sr. is hereby GRANTED.[1]  The deadline for
16 completing fact discovery in this matter is hereby continued to
17 February 26, 2007.

18    IT IS SO ORDERED.

Dated: January 22, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefing. E.D. Local Rule 78-230(h).