UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAFFWORKS, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>COASTAL PACIFIC FOOD DISTRIBUTORS, INC., a California corporation; WALTER STILPHEN, an individual; FRANK GONZALES, SR., an individual; and DOES 1-20 inclusive,<br><br>    Defendants. | No. 2:05-cv-2504-MCE-GGH<br><br><br><br>ORDER |

----oo0oo----

On June 12, 2007, more than three months after discovery closed in this matter (and after the Pretrial Scheduling Order ("PTSO") had already been extended on two separate occasions), Plaintiff Staffworks filed the instant ex parte request to modify the PTSO. According to Staffworks, yet another PTSO modification is necessary in order to allow Staffworks to move to compel responses to interrogatories propounded on June 29, 2006, nearly a year ago.

1

Once a district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16,[1] which establishes a timetable to amend pleadings, that Rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Prior to the final pretrial conference, a court may modify a status order upon a showing of "good cause." See Fed. R. Civ. P. 16(b).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. In explaining this standard, the Ninth Circuit has stated:

> [a] district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Id. (citations omitted).

///
///
///
///
///
///

---

[1] Unless otherwise stated, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

2

Staffworks here has not demonstrated the requisite good cause.  Defendant Gonzales, to whom the interrogatories at issue were directed, filed his initial responses on August 1, 2006.  Plaintiff waited more than seven months, until March 16, 2007, to begin the meet and confer process with respect to additional responses at a point when discovery had already been closed for over two weeks.  Plaintiff has not demonstrated diligence, or shown good cause for modification of the PTSO, given that lengthy delay.

Plaintiff Staffworks' Ex Parte Request to Modify the PTSO is accordingly DENIED.  Since the PTSO will not be modified to permit Plaintiff's proposed motion to compel, it is not necessary for the Court to rule on Plaintiff's alternative request that the motion to compel be set on shortened time.

IT IS SO ORDERED.

Dated: July 9, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3